[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiff, Catherine O'Rourke, against the defendant, Trusthouse Forte Food Service, Inc. (Trusthouse), to recover for personal injuries she claims to have sustained by reason of a fall on a floor in a cafeteria operated and maintained by Trusthouse, and located in premises owned and operated by Walden Book Company, Inc. (Walden). Walden intervened in this action as a plaintiff, pursuant to the Workers' Compensation statute, on the basis that O'Rourke was in its employ at the time she was injured. General Statutes 31-293.
Defendant Trusthouse filed a counterclaim against Walden seeking indemnity for any damages it becomes obliged to pay to O'Rourke. The counterclaim alleged that at me time the plaintiff was injured, Trusthouse had a contract with Walden which provided that Walden would indemnify it for any liability caused by the negligence of Walden employees.
Walden then filed a cross claim against Trusthouse in two counts, alleging that the indemnity agreement in question only took effect some two months after the plaintiff's fall and injuries. Walden also claims CT Page 2890 that the indemnity agreement, even if it had been in existence, only pertained to negligence of its employees, and not to the alleged contributory negligence of O'Rourke when she fell, as claimed by Trusthouse in a special defense to the complaint. In the first count of its cross claim Walden contends that Trusthouse's counterclaim was brought without probable cause and constitutes "a vexatious suit." The second count asserts that the counterclaim "is an abuse of process in that it is a misuse of process regularly issued, to accomplish an unlawful ulterior purpose."
Trusthouse has filed a motion (#125) to strike both counts of the cross claim by Walden on the basis that neither states a cause of action in vexatious litigation of abuse of process.[1] The function of a motion to strike was recently summarized by our Supreme Court in Westport Bank and Trust Company v. Corcoran, Mallin and Aresco, 221 Conn. 490,495-96, 605 A.2d 862 (1992), in these words: "A motion to strike challenges me legal sufficiency of a pleading . . . In reviewing the granting of a motion to strike, we take the facts alleged in the plaintiff's complaint and construe the complaint in the manner most favorable to the plaintiff . . . This includes the facts necessarily implied and fairly provable under the allegations . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (internal citations and quotations omitted).
With respect to the first count claiming vexatious litigation, it is clear that such a cause of action requires a termination of the underlying suit. DeLaurentis v. City of New Haven, 220 Conn. 225, 251-52,597 A.2d 807 (1991). Trusthouse's counterclaim against Walden had not yet terminated, and hence me first count fails to allege a necessary element of a cause of action in vexatious suit.
The second count alleges a cause of action in abuse of process, the essence of which was described in Mozzochi v. Beck, 204 Conn. 490, 494,529 A.2d 171 (1987), as the use of legal process "in an improper manner or to accomplish a purpose for which it was not designed." According to Prosser Keeton, Torts (5th Ed. 1984) 121, p. 897, abuse of process does not involve starting an action or using process without justification, but rather involves the misuse or misapplying of process "for an end other man that which it was designed to accomplish. The purpose for which me process is used, once it is issued, is the only thing of importance."
The second count of the cross claim fails to contain the necessary CT Page 2891 elements of an abuse of process suit. It simply alleges that the counterclaim by Trusthouse was "negligently brought" and has "no basis or foundation in fact or law" and is damaging to Walden as it must expend money to defend itself. The second count does assert that the counterclaim by Trusthouse was brought for an "ulterior purpose" but without indicating what that purpose was. In Mozzochi, supra, 497, the complaint alleged that the defendants had an ulterior purpose in bringing the litigation, which was to enrich themselves even though they knew the suit was without merit. This was held not to state a cause of action as it was too general and did not satisfy "the requirement of showing the use of legal process primarily to accomplish a purpose for which it is not designed." (emphasis in original). Similarly, in the case at bar, the allegations in the second count of the cross claim contend that Trusthouse's counterclaim is without merit, but fail to indicate the precise manner in which the counterclaim was brought for a "purpose other than that for which it is designed." Id.
Accordingly, the motion to strike both counts of Walden's cross claim is granted.
So Ordered.
Dated at Stamford, Connecticut, this 25th day of March, 1993.
William B. Lewis, Judge